IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV45
(1:05CR23-16)

| | |
|---|---|
| MELISSA BOWMAN RAINES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>_____ )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed January 29, 2007. No response is necessary from the Government.

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On February 28, 2005, the Petitioner and 15 co-Defendants were charged with conspiracy to manufacture and possess with intent to distribute methamphetamine. **Bill of Indictment, filed February 28, 2005.** On April 15, 2005, the Petitioner entered a plea of guilty to the conspiracy charge pursuant to a plea agreement, and on March 2, 2006, the undersigned sentenced the Petitioner to a term of 151 months of imprisonment. **Judgment in a Criminal Case, filed March 13, 2006.** The Petitioner did not file an appeal of her conviction and/or sentence. Therefore, the Petitioner's conviction became final on March 23, 2006. *United States v. Wilson*, **256 F.3d 217, 221 (4th Cir. 2001) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)); *United States v. Walker*, 194 F.3d 1307 (table), 1999 WL 760237 (4th Cir. 1999) (citing *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999)).** Petitioner signed her § 2255 motion on January 16, 2007; therefore, the motion is timely filed.

On review of the motion, the Court notes that the Petitioner has failed to state any grounds as to why her conviction and/or sentence must be vacated, set aside, or corrected. Therefore, the Court finds the motion must be dismissed for the Petitioner's failure to state any grounds for relief.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED.**

Signed: February 14, 2007

Lacy H. Thornburg
United States District Judge